UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RAOUL MARRADI,
     Plaintiff,

v

PAGLUICA'S RESTAURANT, INC. and
1416 PARMENTER REALTY TRUST,
     Defendants.

Civil Action No.  1:17-CV-12177-NMG

**ANSWER OF THE DEFENDANT
PAGLIUCA'S RESTAURANT, INC.**

The Defendant, Pagliuca's Restaurant, Inc., responds to the allegations and claims contained

in Plaintiff's complaint as follows:

1.      The Defendant admits that this Court has original jurisdiction for claims arising under 42

U.S.C. §1281, et seq. (hereinafter "the ADA") pursuant to 28 U.S.C. §§1331, 1343;

however, the Defendant denies that Plaintiff has properly asserted such a claim and further

denies that it has failed to remove physical barriers to access or otherwise violated Title

III of the ADA.

2.      The Defendant lacks sufficient information to admit or deny the allegations contained in

paragraph 2 of the Plaintiff's Complaint; therefore, such allegations are denied and the

Plaintiff is called upon to meet his burden of proof in this regard.

3.      The Defendant admits that the Plaintiff apparently acts as a "tester" based on the numerous

ADA lawsuits filed in the District of Massachusetts where he appears as Plaintiff in

nearly-identical Complaints.  The Defendant lacks sufficient information to admit or deny

the remaining allegations contained in paragraph 3 of the Plaintiff's Complaint; therefore,

such allegations are denied and the Plaintiff is called upon to meet his burden of proof in this regard.

4.     Defendant denies the allegations contained in paragraph 4 of the Complaint and the Plaintiff is called upon to meet his burden of proof in this regard.

5.     Defendant denies the allegations contained in paragraph 5 of the Complaint and the Plaintiff is called upon to meet his burden of proof in this regard.

6.     The Defendant admits that it transacts business within the Commonwealth of Massachusetts and is the operator of a restaurant at the property located at 14 Parmenter Street, Boston, Massachusetts (hereinafter "the Property").

7.     Paragraph 7 of Plaintiff's Complaint asserts a statement of law and/or a restatement of a statutory provision, to which no response is required. To the extent a response is required, the Defendant denies the allegations contained in paragraph 7 of Plaintiff's Complaint and calls upon the Plaintiff to meet his burden of proof in this regard.

8.     Paragraph 8 of Plaintiff's Complaint asserts a statement of law and/or a restatement of a statutory provision, to which no response is required. To the extent a response is required, the Defendant denies the allegations contained in paragraph 8 of Plaintiff's Complaint and calls upon the Plaintiff to meet his burden of proof in this regard.

9.     Paragraph 9 of Plaintiff's Complaint asserts a statement of law and/or a restatement of a statutory provision, to which no response is required. To the extent a response is required, the Defendant denies the allegations contained in paragraph 9 of Plaintiff's Complaint and calls upon the Plaintiff to meet his burden of proof in this regard.

10.    Paragraph 10 of Plaintiff's Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, the Defendant denies the allegations

contained in paragraph 10 of Plaintiff's Complaint and calls upon the Plaintiff to meet his burden of proof in this regard.

11. Paragraph 11 of Plaintiff's Complaint asserts a statement of law and/or a restatement of a statutory provision, to which no response is required. To the extent a response is required, the Defendant denies the allegations contained in paragraph 11 of Plaintiff's Complaint and calls upon the Plaintiff to meet his burden of proof in this regard.

12. Paragraph 12 of Plaintiff's Complaint asserts a statement of law and/or a restatement of a statutory provision, to which no response is required. To the extent a response is required, the Defendant denies the allegations contained in paragraph 12 of Plaintiff's Complaint and calls upon the Plaintiff to meet his burden of proof in this regard.

13. Paragraph 13 of Plaintiff's Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, the Defendant denies the allegations contained in paragraph 13 of Plaintiff's Complaint and calls upon the Plaintiff to meet his burden of proof in this regard.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint and the Plaintiff is called upon to meet his burden of proof in this regard.

15. The Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 15 of the Plaintiff's Complaint; therefore, such allegations are denied and the Plaintiff is called upon to meet his burden of proof in this regard.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint and the Plaintiff is called upon to meet his burden of proof in this regard.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint and the Plaintiff is called upon to meet his burden of proof in this regard.

18.    Defendant denies the allegations contained in paragraph 18 of the Complaint and the Plaintiff is called upon to meet his burden of proof in this regard.

19.    Defendant denies the allegations contained in paragraph 19 of the Complaint and the Plaintiff is called upon to meet his burden of proof in this regard.

20.    Paragraph 20 of Plaintiff's Complaint asserts a legal conclusion to which no response is required. To the extent a response is required, the Defendant denies the allegations contained in paragraph 20 of Plaintiff's Complaint and calls upon the Plaintiff to meet his burden of proof in this regard.

21.    Defendant denies the allegations contained in paragraph 21 of the Complaint and the Plaintiff is called upon to meet his burden of proof in this regard.

22.    The Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 22 of the Plaintiff's Complaint; therefore, such allegations are denied and the Plaintiff is called upon to meet his burden of proof in this regard.

23.    Paragraph 23 of Plaintiff's Complaint asserts a statement of law and/or a restatement of a statutory provision, to which no response is required. To the extent a response is required, the Defendant denies the allegations contained in paragraph 23 of Plaintiff's Complaint and calls upon the Plaintiff to meet his burden of proof in this regard.

In response to the unnumbered WHEREFORE clause immediately following paragraph 23 of Plaintiff's Complaint, the Defendant denies that Plaintiff is entitled to any of the relief sought therein, including injunctive relief and attorneys' fees and costs, and Defendant further requests judgment in its favor on all claims set forth in the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The complaint must be dismissed for failure to state a cause of action upon which relief can be granted.

### Second Affirmative Defense

The Plaintiff has unclean hands.

### Third Affirmative Defense

The complaint must be dismissed because Plaintiff has not suffered an injury in fact nor has Plaintiff suffered any loss, damage or irreparable harm and will suffer no loss, damage or irreparable harm pursuant to the allegations averred in his complaint.

### Fourth Affirmative Defense

The Plaintiff lacks standing. Further, to the extent he has standing to bring such claims, the Plaintiff lacks standing to challenge any alleged barriers to access that he did not specifically encounter.

### Fifth Affirmative Defense

The complaint must be dismissed because Plaintiff's claims are moot.

### Sixth Affirmative Defense

The complaint must be dismissed for insufficiency of process and insufficiency of service of process.

### Seventh Affirmative Defense

The complaint must be dismissed because removal of alleged access barriers are not readily achievable and cannot be accomplished or carried out without much difficulty or expense; are

technically infeasible; and, would fundamentally alter the manner in which the Defendant provides goods and services.

Eighth Affirmative Defense

Plaintiff's Complaint must be dismissed because the alleged barrier removal sought would fundamentally alter the nature of the goods, services, facilities, privileges, advantages or accommodations of the subject Property and/or Restaurant.

Ninth Affirmative Defense

Plaintiff's Complaint must be dismissed because Plaintiff has failed to provide the Defendant with notice and/or the opportunity to cure any alleged violations, all such violations being specifically denied, and therefore, by good-faith extension of law, the Plaintiff is not entitled to any such relief and/or to recover his attorneys' fees, expenses or costs.

Tenth Affirmative Defense

The complaint must be dismissed because it fails to propose modifications that are readily achievable, would not constitute an undue burden on the Defendant or that are otherwise structurally practicable.

Eleventh Affirmative Defense

Plaintiff has failed to plead facts sufficient to establish a prima facie case for violation of the ADA.

Twelfth Affirmative Defense

Defendant's property does not have architectural barriers as defined in the Americans with Disabilities Act of 1990 (ADA) or ADAAG.

Thirteenth Affirmative Defense

The Property has been placed in compliance with the ADA to the maximum extent feasible.

## Fourteenth Affirmative Defense

The Property is in full compliance with the 1991 Standards, to the maximum extent feasible, and Defendant not undertaken any alterations that would require modification to comport with the Department of Justice's revised regulations for Titles III of the ADA, published September 15, 2010.

## Fifteenth Affirmative Defense

The Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel and waiver.

## Sixteenth Affirmative Defense

The Plaintiff's claims are barred by the applicable statutes of limitation.

## Seventeenth Affirmative Defense

The Plaintiff's claims are barred by the doctrine of laches.

## Eighteenth Affirmative Defense

If Plaintiff suffered injury or damages as alleged, which Defendant expressly denies, then the injury or damages were caused by the acts, omissions, or regulations of third person(s) over whom Defendant has no control and for whom Defendant is not legally responsible.

## Nineteenth Affirmative Defense

To the extent there are architectural barriers that impede access to benefits or services within the defendant's property, removal of such barriers is not readily achievable.

## Twentieth Affirmative Defense

Plaintiff has failed to mitigate his damages, including bringing to the attention of Defendant one or more of the alleged barriers, or requesting that Defendant provide any alternative access to the Property or Defendant's services.

Twenty-First Affirmative Defense

Defendant reserves the right to raise any other affirmative defenses as may appear applicable during the course of this action or as discovery may reveal.

WHEREFORE, the Defendant, Pagliuca's Restaurant, Inc., respectfully requests that the case against it be dismissed with prejudice, with all costs, expenses and attorneys' fees taxed against the Plaintiff.

## JURY DEMAND

Plaintiff's complaint seeks only injunctive relief and statutory attorney fees.  To the extent Plaintiff asserts any claims triable to a jury, including any claims for money damages, now or at any future point during these proceedings, Defendant hereby demands a trial by jury on all claims so triable.

Respectfully submitted,
PAGLIUCA'S RESTAURANT, INC.
By its attorneys,

*/s/ Kenneth J. DeMoura*
Kenneth J. DeMoura (BBO No. 548910)
DeMoura|Smith LLP
One International Place, 14th Floor
Boston, MA  02110
(617) 535-7531
(617) 535-7532 (fax)
kdemoura@demourasmith.com

Dated:  November 29, 2017

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants, by first-class mail, on November 29, 2017.

*/s/ Kenneth J. DeMoura*
Counsel for the Defendant

8